Judge Buckner,
delivered the opinion of the court.
On the 28th of January, 1816, John Mason, Jr. executed an obligation to Thomas Wells, binding himself to convey to him, for value received, a lot and house, situated in the town of Mountgomery. at any time, when called on, which obligation was assigned by Wells to Thomas F. Morrow, on the third of June, 1817.
For a failure to convey, according to contract, Morrow instituted an action at law, in the Mountsterling circuit court, and recovered judgment. Mason re-plevied with his surety. In October, 1826, they filed their bill in chancery, to be relieved against the judgment, by a specific execution of the contract, in which they make Wells and Morrow defendants.
It is alleged in the bill, after stating these tacts, that on the sale, possession was immediately delivered to Wells, which had been continued by him, and his ven-dees ever since, as far as the complainants knew, unless it had been voluntarily abandoned. That they had not been disturbed in its enjoyment; but that Morrow on or about the 11th of April, 1823, had demanded a deed therefor; had afterwards instituted a suit on said obligation, and recovered judgment for about $600 with interest and costs; that on the third day of March, 1824, the complainant had executed and tendered a deed for said lot and house, to Morrow, who was then in possession of it, which he declined to accept. The ability and willingness of Mason to convey at any time, a clear and indisputable title to the property ■ are averred; and it is insisted, that neither Wells nor Morrow *327 had sustained any injury, by the failure to make an earlier conveyance. The deed tendered is exhibited as a part of the bill, and purports to have been executed for the consideration of $600, describing the lot as being No. 24, and containing a warranty to defend the title of the lot against said J. Mason, and all claiming under him, as fully as the same was vested in him, by the trustees’ deed.
The process was served on Morrow, and as to Wells the officer returned “no inhabitant of my county.”
The answer of Morrow was marked “filed in the office, December 27th 1829,” and was read on the trial. He says that he demanded a deed of Mason, and after waiting at least ten days without a compliance, he commenced suit and recovered judgment, as stated by the complainant. He admits that possession was delivered to Wells, at the date of the contract, which was delivered to him, on the date of the assignment, and was retained until the recovery of the judgment. He also admits the tender of, and his refusal to accept the deed about the same, time; when as he says, he offered the key of the hhuse to the complainant, and abandoned the possession. He denies that the complainant was always ready to convey; calls upon him for an exhibition of his title papers, and says that if able to convey, at any time, he was not so, until after the institution of the suit at law. He says that during the time he held the possession, he made several unsuccessful applications to the complainant for a deed, who always put him off, with fair promises.
Morrow died, and the suit as to him was abated. Upon a suggestion of his death, and that his heirs were all minors, a guardian ad litem, was appointed to defend for them, who was in court, and accepted the appointment; and by consent of the parties, it was revived against them by name, and against Margaret E. Morrow, adminislratatrix, David Gibson and John Gibson, administrators of the estate of the said decedent.
Upon a final hearing of the cause, the circuit court dissolved the injunction, which had been awarded with ten per centum damages on the sum enjoined, without ascertaining what they amounted to: and ordered the bill to be dismissed.
Assignor of bond for the land ToTne °f cessaryparty to a bill after, judgment, oblige!may be compelled to accept speance?er °m"
The court must regard an answer been swcunto lodgedwith0’ the papers of bsedSUon th ^ trial without ■(objection.
To reverse the decree, Mason prosecutes this writ error; and alleges the following, as errors.
1. Process was not served on Wells, who was a necessary party.
2. The answer of Morrow had not been properly made part of the record.
3. The revivor was improper and imperfect.
4. The hill with the injunction was improperly dismissed.
5. If a specific execution could not he properly decreed, still it was error to refuse an allowance to Mason, for the rents of the property, whilst in possession of Morrow.
We will examine them in the order théy are presented. It was important for Wells to be before the court; ^ was chrty of Mason to have caused process to he served onhim,buthewasnotanecessary party. Morrow by the assignment of the covenant-from Wells to him, for a valuable consideration became both equitably and legally entitled thereto; and the covenant itself was merged in the judgment. This court has repeatedly decided, that upon a bill filed, for a specific execution a contract, for the conveyance ofland,bythe assignee of a bond, assignable by law, the assignor is not a necessary party; see Lemmon vs. Brown, IV Bibb, 308, and other similar cases.
The filing of the answer of Morrow ought to have been noticed in the record; but the omission did not operate to the prejudice of the plaintiff in error. It was sw0™ 1°, filed omong the papers of the suit, beforé h was, by a change of venue, removed from the Mónt-gomery circuit court, where it originated, to the Clark circuit court, where the decree was pronounced; and was use(lon Ibe trial, without objection. If under such cercumstances it had been disregarded by the court, it would have been erroneous; see White vs. Lewis, II Mar. 123.
That the order reviving the suit was regular, is fully supported by the opinion of this court, in the case of Durret vs. Smpson, III Mon. 529.
If defendant die after answer, upon guardian 'ad litembeing appointed, suit may be revived by counsel against adm’r and'infant heirs.
If breach of “™r'vo)mi tary^and the of plaintiffin °b« ment'at Lw fair, chancel-]°r wil1 not ¿nTfiled a?t°er judgment,
The amount of damages should have been ascertained and stated in the decree; but the omission to do it, is not assigned as a ground for reversal, in the assignment of errors; and cannot now be noticed for that purpose.
That the relief sought by Mason, in relation to k specific execution of the contract was properly refused, cannot admit a doubt. Upon a proper case made out, a court of chancery may relieve against a judgment at law, recovered on account of a failure to convey land according to contract, and decree a specific execution. But it cannot be contended with the slightest degree of plausibility, that this is such a case. The plaintiff in error had upwards of eleven years allowed to him, to make a deed of conveyance for the lot sold. Morrow in his answer says, that during that period, he had, at various times, made demands of him to do so. There is, we adrhit, no proof of the correctness of this statement, but there is nothing in the bill, at war with it; and according to the statements there made, such a demand was made, previous to the institution of the common law suit; and nó reasonable excuse is offered for the failure to comply with it. If, as the plaintiff in error alleges, he was able to convey a valid title, his negligence was more palpably culpable. ,
Unless a court of chancery has possession of a case, before the judgment at law has been obtained for a failure to make a deed; it will not ih any case interfere to deprive a plaintiff in such judgment of the benefit it, where the hreaeh of the covenant hás been volitó-tary, and the conduct of the plaintiffin every rííspéct fair. In this case, it is not even pretended, that Mason was lulled into a fallacious hope of security by Morrow or any one else. He does not impute fraud to Morrow. He had been indulged for years; and when sued, the only excuse offered is; that he was able and willing to convey; and that no injury had béen sustained by Ms omission; to comply with his contract, atan earlier period. Should that be considered as a sufficient shield for him, against the consequences of his negligence, the jurisdiction of common law courts, in such bases, would be a mere name. An appeal to them, for damages would be worse than idle. Violations of contracts would be encouraged; and in almost every *330 case, the defendant in such judgment, might look with confidence to the chancellor for protection against the consequences of supineness. The validity of the title attempted to be conveyed, alleged to have been tendered to Morrow, need not be inquired into; as the view already taken of the case shows, that the court properly refused to compel him to accept it. The only point which remains to be considered, is the claim of Mason, to have an allowance made to him for rents.
Rents may be recovered under general prayer.
It vendor of land by bond, put vendee in possession and mortgage the same land, . upon disaffir-mance of contract by ven-dee, and recovery of damages, vendor is not entitled to rents and profits for the occupancy by vendee.
His bill contains no express prayer for it; but was there no other objection to it, we should not consider that as an insuperable obstacle, as the doctrine settled in the case of Oldham vs. Woods, III Mon. 47, would be in point. But there is a ground presented by the record, which we consider as decisive against his claim. Morrow denied his ability, to convey a valid title to the lot; and when called on for that purpose, Mason not only fails to exhibit any evidence of title; hut it was made apparent by the production of a deed of mortgage executed by him to James Mason, for the same lot, bearing date, after the execution of the bond, on which the judgment at law was founded, that had he ever been clothed with the legal title thereto, he had thereby divested himself of it.
This deed of mortgage had been duly recorded, and seems to have been in full force, when Mason filed his bill. There was indeed no proof, that it had ever been discharged; nor that he had, at any time, procured from James Mason, a re-conveyance of the title. The execution of that deed must be considered in legal contemplation as a fraud on his vendee, precluding all reasonable hope on his part of any compensation for rents; if under other circumstances, he would be entitled to it.
The decree of the circuit court must therefore be affirmed with costs and damages.
Upon suggestion of the plaintiffs coonsel, the following 'modification of the opinion of the court, was delivered hy judge Buckner.
The suggestions filed by the counsel of Mason for a modification of the opinion in this case, have been examined; and although the legal positions assumed in *331 the opinion heretofore delivered, are, on further refl.ee* tion, fully approved, we do not hesitate to acknowledge, that in directing the decree of the circuit court to be affirmed, we labored under an erroneous impression as to the date of the mortgage. Had it been executed anterior to the commencement of the suit at law, the effect ascribed to it, in the opinion, would have been fully warranted. But it is clear, that Morrow was not influenced by it, in determining to sue at law, and by the recovery of a judgment for damages, virtually to disaffirm the contract. It presents, therefore, no equitable bar, to a claim for the reasonable rents and profits, to which Mason, according to the decisions of this court in similar cases, is entitled. But what shall be the extent of such allowance? The rents may exceed the amount of the judgment. Itcertainly cannot be equitable to permit Mason, by his violation of his contract, thus to force Morrow to become his tenant, and with the rents to discharge the judgment at law. It is very difficult, if not impossible, to lay down any general rule,, applicable to every case for such claim, which might not work injustice. We have- not been, enabled to discover, from the-decisions of this court, in previous cases, that any such general and inflexible rule has been adopted. Each case must depend, in some degree, upon its own peculiar features. Under all the circumstances of this, we are of opinion, that the rents and profits of the lot and house, from the time that Wells received the possession, until Morrow abandoned it, should be ascertained by commissioners appointed for that pose, who. should be directed, also, to ascertain the amount of lasting and valuable improvements, if any there be, which Wells or Morrow put upon said lot, .whilst it was in the possession of either of them. If the value of the-improvements shall exceed the amount of rents, the defendants in error will not be entitled to any allowance for the excess, as no such claim has been made.
If vendor fail e . dee sues for breach and “c¿vevendor fsgnot entitled greater forr0get“t3 than the annual value of ¡Merest of the purchase money,
If the rents and profits do not exceed the value of the improvements, the bill must be dismissed, with costs and damages.
If, however, it should be ascertained by an assessment made, that they do exceed the amount of improvements, Mason must have, for such excess of rents, an allowance as a set off against so much of the judgment at law.
Hag gin, for plaintiff; Jam,es Trmjble^iqv defendants.
But such allowance must not exceed the amount of interest on the comideratian or purchase money, paid ^ yye]]s |0 Mason, which the jury may have included in the verdict, on which said judgment is founded.
The former mandate directing the affirmance of the-decree of the circuit court, must be set aside; and it is now ordered, that said decree be reversed, and the cause remanded to that court, with directions for further proceedings to be had, not inconsistent with this opinion thus modified.